## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## NEW YORK DIVISION

In re: ERNESTO, SIMPSON                    Case No. **25-11742**

*debtor*                                    Chapter  7

_____

**TO THE HONORABLE JUDGE JAMES L.GARRITY JR.**
**UNITED STATES BANKRUPCTY JUDGE**

### MOTION TO DISMISS

The Debtor, Ernesto Simpson, hereby moves, to dismiss the Chapter 7 on the grounds of being unable to identity I as I was illegal evicted from my resident in the State of Texas and show the court as follows:

### I.    Background

<u>*State Court Action*</u>

1.  The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 6, 2025.

2.  Debtor has been illegally locked out of his residence. Prior to the Debtor's Chapter 7 bankruptcy filing, the Debtor had obtained on May 8, 2025 an "Agreed to Judgment" in case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC.* in the Civil County Court at Law (2), Harris County Texas case No.  1249845, as tenant to access his place of residence when in the State of Texas.

3.  The "Agreed to Judgment" stems from the Debtor and *PCF Properties in Texas LLC* entering into Temporary Injunction"

4.  On June 23, 2023, Debtor renewed his lease with Liberty Property Management LLC., to rent a room as tenant at the property located at 8202 Terra Valley Lane, Tomball Tx.77375, however do not resided on the property on a day to day basis only when in Texas. Since the year of 2007, and although throughout the years the ownership of the property has changed the debtor maintained a valid lease agreement.  **Exhibit 1.**

5.  On June 23, 2023, when Debtor signed his renewed lease agreement with Liberty Property Management LLC., the occupants residing at said property were with debtor Jasmine B. Jarbis, Michael Jarbis, Sarah Jarbis Omari Thomas and Monique Moore. Jireh Pitts, Javaughn Mahomed, Elizabeth Thomas and Debtor are considered traveling tenants because we do not  reside at said property on a day-to-day basis.

6.  On May 19, 2025, a similar but unrelated named entity Non-Party P.C.F. PROPERTIES IN TX, LLC, filed a "Intervenor's Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions" claiming fraud on the court and that they were allegedly the owners of said property.

7.  Upon the filing of entity Non-Party P.C.F. PROPERTIES IN TX, LLC "Motion to Vacate" trial court did not set its May 8, 2025, judgment aside or reopen the case instead set the Motion to Vacate for hearing on June 3, 2025. However a non-party, ***may not*** move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes in this case post-judgment if both its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed .

8.  The June 3, 2025, hearing was cancelled. On July 8, 2025, Non-Party P.C.F. PROPERTIES IN TX, LLC, reset its Emergency Motion Vacate alleging fraud on the Court for a hearing and the Court held the hearing and found no fraud on the court and refused to vacate its May 8, 2025, judgment On August 5, 2025, Non-Party P.C.F. PROPERTIES IN TX, LLC, reset is Emergency Motion Vacate for tow hearings reconsideration alleging fraud on the Court. The first hearing was set at 10:45 am., court the held the hearing found no fraud on the court and refused to vacate its May 8, 2025, judgment. The second hearing was held at 11:00 am., court the held the hearing found no fraud on the court and refused to vacate its May 8, 2025, judgment. **Exhibit 2.**

### ***Bankruptcy Court Proceedings***

9.  On August 3, 2025, the debtor then counsel Attorney James M. Andersen filed a Notice of Removal and sought to removed the cased and disposed  case styled as  *Ernesto Simpson vs. PCF Properties in Texas LLC,*. from the Civil County Court at Law (2), Harris County Texas case No. 1249845 ( the "State Court Action"), that has been closed and dispose of since May 8, 2025 to U.S. Southern District of  Texas" Houston Division That somehow ended up in the bankruptcy court. Case No.25-03609.

10. However in the Fifth Circuit has long held that state court action that has already been adjudicated into a final judgment and the time for filing direct appeals has pass cannot be removed because the case is over and decided. *Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011) ("Emphasizing the total finality of the state case here, we hold that it cannot [be removed]."). In Oviedo, this court concluded that, at the time of removal, "there was no pending case to remove, inasmuch as nothing remained for the state courts to do but execute the judgment. Removal is simply not possible after a final judgment and the time for direct appellate review has run." Id. at 423-24.

11. There is no debtor or bankruptcy estate to administer. According to the court docket sheet the debtor associated with this alleged Adversary Proceeding consisting of  the closed and disposed of State court Action is  BK No.99-99999, an "Out of District Main

Case" a Chapter 7, the name of the debtor is "Created for Statistical Purposes" this case was opened on July 11, 2011 and as closed July 25, 2011. **Exhibit 3.**

12.  The Debtor filed a "Suggestion of Bankruptcy and Stay" giving notice that  on August 6, 2025, a Chapter 7  voluntary petition in the U.S. Bankruptcy Court for the Southern District of New York: New York Division for relief under of the Bankruptcy Code on August 6, 2025, and these proceeding if ***against*** the debtor are subject to the bankruptcy automatic stay, as defined in 11 U.S.C. § 362(a),

13.      All courts recognize that for the bankruptcy system to function, the automatic stay must be respected by creditors and courts. "[T]he automatic stay has the effect of a court order for purposes of the contempt power. . . ." *Windstream Holdings, Inc. v. Charter Communs. Inc.* (In re Windstream Holdings, Inc.), 627 B.R. 32, 39 (Bankr. S.D.N.Y. 2021) (citing *In re Chateaugay Corp.*, 920 F.2d at 187; *Knupfer v. Lindblade* (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003) ("Because the metes and bounds of the automatic stay are provided by statute and systematically applied to all cases, there can be no doubts that the automatic stay qualifies as a specific and definite court order.")). Moreover, the automatic stay is self-executing and is "effective immediately upon the filing of the petition." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994); *Morgan Guar. Trust Co. v. Hellenic Lines*, 38 B.R. 987, 998 (S.D.N.Y. 1984) ("The stay is effective upon the date of the filing of the petition and formal service is not required.").

## *Violation of Automatic Stay*

14.  On August 7, 2025, the bankruptcy court ignored the debtor automatic stay and improperly reopen the closed and disposed of State Court Action for the sole purpose as sitting as a appellate court by holding a in person evidentiary hearing on Non-Party P.C.F. PROPERTIES LLC, unscheduled and unnoticed "Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions" alleging fraud on the court that had been filed in state court heard more than four  (4) times and rejected.

15.  The Debtor learned of August 7, 2025, a in person evidentiary hearing on August 6, 2025, and sought a continuance as debtor being homeless had already returned back to New York, was in a hospital due a car accident. Moreover Debtor has no Id  or access to my funds or my phone making it literally impossible to be in Texas within 24 hours.

16.  On August 7, 2025, the bankruptcy court orders in favor of Non-Party P.C.F. PROPERTIES LLC against the debtor in violation of the automatic stay that Debtor and counsel Attorney James M. Andersen were deemed guilty for committing fraud upon the state court thereby upon removal of the closed and disposed of claims to bankruptcy court committed fraud upon court and in contempt of Court issued an order for the U.S. Marshals pick both the debtor and Attorney James M. Andersen and to hold both in ***confinement*** until both together signed a "Motion Voluntary Dismissing the Adversary Proceeding" **Exhibit  4.**

17. Just when the state court was in the process of issuing a "Writ of Possession" The bankruptcy also issued an Order Vacating Certain Orders Issued Prior to Removal which is all of the state court orders. **Exhibit 5.**

18. I have filed a "Emergency Writ of Mandamus" to the U.S. Fifth Court of Appeals and I have also filed a Notice of Appeal. I posted by case online and on ticktok and have since found bankruptcy and civil rights attorney's interested in my case. As they believe that the August 7, 2025, orders issued against me not only violated my automatic stay, but are illegal as a party cannot be compelled to "voluntarily" dismiss a case, confinement cannot be used for this purpose. A forced dismissal under the threat of confinement would be the product of duress, not a voluntary act and also believe no court has the authority to confine the debtor for refusing to dismiss their case albeit one that was already closed and disposed of more than three (months prior to removal).

19. Indeed, so central is the § 362 stay to an orderly bankruptcy process that "'actions taken in violation of the stay are void and without effect."'*Fed. Deposit Ins. Corp. v. Hirsch* (*In re Colonial Realty Co.*), 980 F.2d 125, 137 (2d Cir. 1992) (quoting *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc.* (*In re 48th St. Steakhouse, Inc.*), 835 F.2d 427, 431 (2d Cir. 1987) (quoting 2 Lawrence P. King, Collier on Bankruptcy § 362.11 (15th ed. 1987)), cert. denied, 485 U.S. 1035 (1988)). The automatic stay is often viewed as a protection for debtors – and to be sure, it gives the debtor a breathing space following the filing of a bankruptcy case. As the Supreme Court has noted, it "has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)(quoting S. Rep. No. 95-989, p. 54 (1978); H. Rep. No. 95-595, p. 340 (1977)). In the State of Texas the bankruptcy does not believe that automatic stay applies to all debtors equally.


WHEREFORE, for all the reason above Debtor Ernesto Simpson request to dismiss the chapter 7 to the inability to the delinquencies and identity myself at the time and seeks the court to determine whether the actions described above on August 7, 2025, violated the bankruptcy August 6, 2025, stay.


Respectfully submitted

/s/ Ernesto Simpson
Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375
ernestosimpson122@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ERNESTO, SIMPSON**

*Appellant*

Adv. Pro. No. 25-03609

**vs.**

**PCF PROPERTIES IN TEXAS LLC**
*Appellee*

United States Courts
Southern District of Texas
F I L E D

AUG 2 0 2025

## FILING OF STATE COURT RECORDS

Nathan Ochsner, Clerk of Court

| No. | Date | Document | New Filing Party |
|---|---|---|---|
| Exhibit 1 | 4/30/2025 | Ernesto Simpson Lease | Ernesto Simpson County Court at No. 2 Court record, |
| Exhibit 2 | 5/8/2025 | Court Docket Case closed and disposed of on May 8, 2025, | Civil County Court at No. 2 docket record |
| Exhibit 3 | 4/30/2025 thru 8/2/2025 | Court Docket as to the only Parties named as parties in the case under cause No. | Civil County Court at No. 2 docket record |
| Exhibit 4 | 7/8/2025 and 8/5/2025 | Court Docket as to number of Hearings held on Non-Party P.C.F. PROPERTIES IN TX,LLC Motion to Vacate alleging fraud on curt. Court does not reinstate the case or grant status as a intervnor or a party to the case. | Civil County Court at No. 2 docket record, |
| Exhibit 5 | 7/28/2025 | EX PARTE MOTION FOR ORDER FOR ISSUANCE WRIT OF POSSESSION | Ernesto Simpson County Court at No. 2 Court record, |
| Exhibit 6 | 7/30/2025 | Copy of Notice of Agreed Non-Suit with Prejudice Filed with Clerk of Court | Ernesto Simpson Civil County Court at No. 2 Court record, |

Respectfully submitted

/s/ Ernesto Simpson

Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375
N/A has No Phone Number at this time
N/A  has No email address at this time

## CERTIFICATE OF SERVICE

I certify that this document was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of on August 18, 2025.

/s/ Ernesto Simpson

EXHIBIT-1

# Texas Residential Lease Agreement

**THIS AGREEMENT** (hereinafter referred to as the "Texas Lease Agreement") is made and entered into this 6th day of June 2023 by and between LIBERTY PROPERTY MANAGEMENT LLC ( hereinafter referred to as "Landlord") and ERNESTO SIMPSON (hereinafter referred to as "Tenant." For and in consideration of the covenants and obligatins contained herein and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged the parties hereto hereby agree as follows:

1.    **PROPERTY.** Landlord owns certain real property and improvements located at 8202 TERRA VALLEY LANE, TOMBALL TX, 77375 (hereinafter referred to as the "Property"). Landlord desires to lease the Premises to Tenant upon the terms and conditions contained herein. Tenant desires to lease the Premises from Landlord

on the terms and conditions as contained herein.

2.    **TERM.** This Texas Lease Agreement shall commence on JUNE 6, 2023 and shall continue as a lease for term. The termination date shall be on JUNE 7, 2027, at 11:59 PM. Upon termination date, Tenant shall be required to vacate the Premises unless one of the following circumstances occur:

   (i)    Landlord and Tenant formally extend this Texas Lease Agreement in writing or create and execute a new, written, and signed Texas Lease Agreement; or

   (ii)    Landlord willingly accepts new Rent from Tenant, which does not constitute past due Rent.

   In the event that Landlord accepts new rent from Tenant after the termination date, a month-to-month tenancy shall be created. If at any time either party desires to terminate the month-to-month tenancy, such party may do so by providing to the other party written notice of intention to terminate at least 30 days prior to the desired date of termination of the month-to-month tenancy.

   Notices to terminate may be given on any calendar day, irrespective of Commencement Date. Rent shall continue at the rate specified in this Texas Lease Agreement, or as allowed by law. All other terms and conditions as outlined in this Texas Lease Agreement shall remain in full force and effect. Time is of the essence for providing notice of termination (strict compliance with dates by which notice must be provided is required).

3.    **RENT.** Tenant shall pay to Landlord the sum of $ 500.00 per month as Rent for a room for the Term of the Agreement. Due date for Rent payment shall be the 1st day of each calendar month and shall be considered advance paymentor that month. Weekends and holidays do not delay or excuse Tenant's obligation to timely pay rent.

A.    Delinquent Rent. If not paid on the 1st, Rent shall be considered overdue and delinquent on the 2nd day of each calendar month. If Tenant fails to timely pay any month's rent, Tenant will pay Landlord a late charge of $50.00 per day until rent is paid in full. If Landlord **receives** the monthly rent by the 3rd day of the month, Landlord will waive the late charges for that month. Any waiver of late charges under this paragraph will not affect or diminish any other right or remedy Landlord may exercise for Tenant's failure to timely pay rent.

B.    Prorated Rent. In the event that the Commencement Date is not the 1st of the calendar month, Rent payment remitted on the Commencement Date shall be prorated based on a 30-day period.

C. Returned Checks. In the event that any payment by Tenant is returned for insufficient funds ("NSF") or if Tenant stops payment, Tenant will pay $25.00 to Landlord for each such check, plus late charges, as described above, until Landlord has **received** payment. Furthermore, Landlord may require in writing that Tenant pay all future Rent payments by cash, money order, or cashier's check.

D. Order in which funds are applied. Landlord will apply all funds received from Tenant first to any non-rent obligations of Tenant including late charges, returned check charges, charge-backs for repairs, brokerage fees, and periodic utilities, then to rent, regardless of any notations on a check.

E. Rent Increases. There will be no rent increases through the Termination Date. If this lease is renewed automatically on a month to month basis, Landlord may increase the rent during the renewal period by providing written notice to Tenant that becomes effective the month following the 30th day after the notice is provided

4. **SECURITY DEPOSIT**. Upon execution of this Texas Lease Agreement, Tenant shall deposit with Landlord the sum of $500.00, receipt of which is hereby acknowledged by Landlord, as security for any damage caused to the Premises during the term hereof.

**REFUND OF SECURITY DEPOSIT**. Upon termination of the tenancy, all funds held by the landlord as security deposit may be applied to the payment of accrued rent and the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with the terms of this Texas Lease Agreement or with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and preservation of the Premises.

5. **USE OF PREMISES**. The Premises shall be used and occupied solely by Tenant and Tenant's immediate family, consisting of ERNESTO SIMPSON exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time during the term of this Texas Lease Agreement by Tenant for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family dwelling. Tenant shall not allow any other person, other than Tenant's immediate family or transient relatives and friends who are guests of Tenant, to use or occupy the Premises without first obtaining Landlord's written consent to such use. Tenant shall comply with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and

preservation of the Premises.

6. **CONDITION OF PREMISES**. Tenant stipulates, represents and warrants that Tenant has examined the Premises, and that they are at the time of this Lease in good order, repair, and in a safe, clean and tenantable condition.

7. **ASSIGNMENT AND SUB-LETTING**. Tenant shall not assign this Texas Lease Agreement, or sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord. A consent by Landlord to one such assignment, sub-letting or license shall not be deemed to be a consent to any subsequent assignment, sub-letting or license. An assignment, sub-letting or license without the prior written consent of Landlord or an assignment or sub-letting by operation of law shall be absolutely null and void and shall, at Landlord's option, terminate this Texas Lease Agreement.

8. **ALTERATIONS AND IMPROVEMENTS**. Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior written consent of Landlord. Any and all alterations, changes, and/or improvements built, constructed or placed on the Premises by Tenant shall, unless otherwise

provided by written agreement between Landlord and Tenant, be and become the property of Landlord and remain on the Premises at the expiration or earlier termination of this Texas Lease Agreement.

9.  **NON-DELIVERY OF POSSESSION.** In the event Landlord cannot deliver possession of the Premises to Tenant upon the commencement of the Lease term, through no fault of Landlord or its agents, then Landlord or its agents shall have no liability, but the rental herein provided shall abate until possession is given. Landlord or its agents shall have thirty (30) days in which to give possession, and if possession is tendered within such time, Tenant agrees to accept the demised Premises and pay the rental herein provided from that date. In the event possession cannot be delivered within such time, through no fault of Landlord or its agents, then this Texas Lease Agreement and all rights hereunder shall terminate.

10.  **HAZARDOUS MATERIALS.** Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

11.  **UTILITIES.** Tenant shall be responsible for arranging for and paying for all utility services required on the Premises.

12.  **MAINTENANCE, REPAIR, AND RULES.** Tenant will, at its sole expense, keep and maintain the Premises and appurtenances in good and sanitary condition and repair during the term of this Texas Lease Agreement and any renewal thereof. Without limiting the generality of the foregoing, Tenant shall:

A.  Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls, which shall be used for the purposes of ingress and egress only;

B.  Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;

C.  Not obstruct or cover the windows or doors;

D.  Not leave windows or doors in an open position during any inclement weather;

E.  Not hang any laundry, clothing, sheets, etc., from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;

F.  Not cause or permit any locks or hooks to be placed upon any door or window without the prior written consent of Landlord;

G.  Keep all air conditioning filters clean and free from dirt;

H.  Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Tenant shall not allow any sweepings, rubbish, sand, rags, ashes or other substances to be thrown or deposited therein. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Tenant;

I.  Tenant's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb other residents;

J. Keep all radios, television sets, stereos, phonographs, etc., turned down to a level of sound that does not annoy or interfere with other residents;

K. Deposit all trash, garbage, rubbish or refuse in the locations provided and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

L. Abide by and be bound by any and all rules and regulations affecting the Premises or the common area appurtenant thereto which may be adopted or promulgated by the Condominium or Homeowners' Association having control over them.

13. **DAMAGE TO PREMISES**. In the event the Premises are destroyed or rendered wholly uninhabitable by fire, storm, earthquake, or other casualty not caused by the negligence of Tenant, this Texas Lease Agreement shall terminate from such time except for the purpose of enforcing rights that may have then accrued hereunder. The rental provided for herein shall then be accounted for by and between Landlord and Tenant up to the time of such injury or destruction of the Premises, Tenant paying rentals up to such date and Landlord refunding rentals collected beyond such date. Should a portion of the Premises thereby be rendered uninhabitable, the Landlord shall have the option of either repairing such injured or damaged portion or terminating this Lease. In the event that Landlord exercises its right to repair such uninhabitable portion, the rental shall abate in the proportion that the injured parts bears to the whole Premises, and such part so injured shall be restored by Landlord as speedily as practicable, after which the full rent shall recommence and the Texas Lease Agreement continue according to its terms.

14. **ACCESS BY LANDLORD**. Landlord and Landlord's agents shall have the right at all reasonable times, and by all reasonable means, without notice, during the term of this Texas Lease Agreement and any renewal thereof to enter the Premises for the following purposes:

A. Inspect the Property for condition;

B. Make repairs;

C. Show the Property to prospective tenants, prospective purchasers, inspectors, fire marshals, lenders, appraisers, or insurance agents;

D. Exercise a contractual or statutory lien;

E. Leave written notice;

F. Seize nonexempt property after default.

Landlord may prominently display a "For Sale" or "For Lease" or similarly worded sign on the Property during the term of this Lease or any renewal period.

If Tenant fails to permit reasonable access under this Paragraph, Tenant will be in default.

15. **SUBORDINATION OF LEASE**. This Texas Lease Agreement and Tenant's interest hereunder are and shall be subordinate, junior and inferior to any and all mortgages, liens or encumbrances now or hereafter placed on the Premises by Landlord, all advances made under any such mortgages, liens or encumbrances (including, but not limited to, future advances), the interest payable on such mortgages, liens or encumbrances and any and all renewals, extensions or modifications of such mortgages, liens or encumbrances.

16. **TENANT'S HOLD OVER**. If Tenant remains in possession of the Premises with the consent of Landlord after the natural expiration of this Texas Lease Agreement, a new tenancy from month-to-month shall be created between Landlord and Tenant which shall be subject to all of the terms and conditions hereof except that rent shall then be due and owing at $_100.00 per month and except that such tenancy shall be terminable upon fifteen (15) days written notice served by either party.

17. **SURRENDER OF PREMISES**. Upon the expiration of the term hereof, Tenant shall surrender the Premises in as good a state and condition as they were at the commencement of this Texas Lease Agreement, reasonable use and wear and tear thereof and damages by the elements excepted.

18. **ANIMALS**. THERE WILL BE NO ANIMALS, unless authorized by a separate written Pet Addendum to this Residential Lease Agreement. Tenant shall not permit any animal, including mammals, reptiles, birds, fish, rodents, or insects on the property, even temporarily, unless otherwise agreed by a separate written Pet Agreement. If tenant violates the pet restrictions of this Lease, Tenant will pay to Landlord a fee of $15.00 per day per animal for each day Tenant violates the animal restrictions as additional rent for any unauthorized animal. Landlord may remove or cause to be removed any unauthorized animal and deliver it to appropriate local authorities by providing at least 24-hour written notice to Tenant of Landlord's intention to remove the unauthorized animal. Landlord will not be liable for any harm, injury, death, or sickness to any unauthorized animal. Tenant is responsible and liable for any damage or required cleaning to the Property caused by any unauthorized animal and for all costs Landlord may incur in removing or causing any unauthorized animal to be removed.

19. **WATERBEDS**. THERE WILL BE NO WATERBEDS, unless authorized by a separate written Waterbed Addendum to this Residential Lease Agreement.

20. **QUIET ENJOYMENT**. Tenant, upon payment of all of the sums referred to herein as being payable by Tenant and Tenant's performance of all Tenant's agreements contained herein and Tenant's observance of all rules and regulations, shall and may peacefully and quietly have, hold and enjoy said Premises for the term hereof.

21. **INDEMNIFICATION**. Landlord shall not be liable for any damage or injury of or to the Tenant, Tenant's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment, or in the structure or equipment of the structure of which the Premises are a part, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature.

22. **DEFAULT**. If Landlord breaches this Lease, Tenant may seek any relief provided by law. If Tenant fails to comply with any of the material provisions of this Texas Lease Agreement, other than the covenant to pay rent, or of any present rules and regulations or any that may be hereafter prescribed by Landlord, or materially fails to comply with any duties imposed on Tenant by statute, within seven (7) days after delivery of written notice by Landlord specifying the non-compliance and indicating the intention of Landlord to terminate the Lease by reason thereof, Landlord may terminate this Texas Lease Agreement. If Tenant fails to pay rent when due and the default continues for seven (7) days thereafter, Landlord may, at Landlord's option, declare the entire balance of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to Landlord at law or in equity or may immediately terminate this Texas Lease Agreement.

23. **ABANDONMENT**. If at any time during the term of this Texas Lease Agreement Tenant abandons the Premises or any part thereof, Landlord may, at Landlord's option, obtain

possession of the Premises in the manner provided by law, and without becoming liable to Tenant for damages or for any payment of any kind whatever. Landlord may, at Landlord's discretion, as agent for Tenant, relet the Premises, or any part thereof, for the whole or any part thereof, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting, and, at Landlord's option, hold Tenant liable for any difference between the rent that would have been payable under this Texas Lease Agreement during the balance of the unexpired term, if this Texas Lease Agreement had continued in force, and the net rent for such period realized by Landlord by means of such reletting. If Landlord's right of reentry is exercised following abandonment of the Premises by Tenant, then Landlord shall consider any personal property belonging to Tenant and left on the Premises to also have been abandoned, in which case Landlord may dispose of all such personal property in any manner Landlord shall deem proper and Landlord is hereby relieved of all liability for doing so.

24.  **ATTORNEYS' FEES**.  Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rentals or gaining possession of the Premises, Tenant agrees to pay all expenses so incurred, including a reasonable attorneys' fee.

25.  **RECORDING OF TEXAS LEASE AGREEMENT**.  Tenant shall not record this Texas Lease Agreement on the Public Records of any public office. In the event that Tenant shall record this Texas Lease Agreement, this Texas Lease Agreement shall, at Landlord's option, terminate immediately and Landlord shall be entitled to all rights and remedies that it has at law or in equity.

26.  **GOVERNING LAW**.  This Texas Lease Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of Texas.

27.  **SEVERABILITY**.  If any provision of this Texas Lease Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Texas Lease Agreement nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

28.  **BINDING EFFECT**.  The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

29.  **DESCRIPTIVE HEADINGS**.  The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations of the Landlord or Tenant.

30.  **CONSTRUCTION**.  The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

31.  **NON-WAIVER**.  No delay, indulgence, waiver, non-enforcement, election or non-election by Landlord under this Texas Lease Agreement will be deemed to be a waiver of any other breach by Tenant, nor shall it affect Tenant's duties, obligations, and liabilities hereunder.

32.  **MODIFICATION**.  The parties hereby agree that this document contains the entire agreement between the parties and this Texas Lease Agreement shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

33.  **NOTICE**.  Any notice required or permitted under this Lease or under state law shall be delivered to Tenant at the Property address, and to Landlord at the following address:

_____

34. **LEAD-BASED PAINT DISCLOSURE.** If the premises were constructed prior to 1978, Tenant acknowledges receipt of the form entitled "LEAD-BASED PAINT DISCLOSURE" which contains disclosure of information on lead-based paint and/or lead-based paint hazards.

## As to Landlord this 6th day of June, 2023.

LANDLORD:

Sign: /s/DELORES ST.CLAIR
AGENT FOR LIBERTY PROEPRTY MANAGEMENT LLC

Print: Delores St.Clair Date: June 6, 2023

## As to Tenant, this 6th day of June, 2023.

TENANT

Sign: /s/ Ernesto Simpson

Print: Ernesto Simpson Date: June 6, 2023.

## County Civil    EXHibit 2 + 3

**Case Number**

**Court**

All

**Status**

-All

**File Date (From)**

MM/DD/YYYY 📅

**File Date (To)**

MM/DD/YYYY 📅

[ SEARCH ]  [ CLEAR ]

◉ Party ○ Attorney ○ Company

**Last Name**

simpson

**First Name**

Ernesto

**Bar Card Number**

**File Date (From)**

MM/DD/YYYY 📅

**File Date (To)**

MM/DD/YYYY 📅

[ SEARCH ]  [ CLEAR ]

3 Record(s) Found.

| Case | File Date | Type Desc | Subtype | Style | Status | Judge | Court | View All | |
|------|-----------|-----------|---------|-------|--------|-------|-------|----------|---|
| 1249845 | 04/25/2025 | OTHER CIVIL CASE | | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | Closed | JIM KOVACH | 2 | Parties | Court Settings |

| Role | Party | | | | Attorney |
|------|-------|--|--|--|----------|

⌄

Mediator    Dispute Resolution Center
            Dispute Resolution Center
            Harris County Annex 21
            49 San Jacinto, Suite 220
            Houston TX 77002

Plaintiff   Ernesto Simpson                         ANDERSEN, JAMES M.
            8202 TERRA VALLEY LANE                   James M Andersen Attorney at Law
            TOMBALL TX 77375                         P.O. Box 01165850
                                                     Webster TX 77598-8554
                                                     Phone 281-488-2800
                                                     Fax 281-488-4851

Defendant   PCF PROPERTIES IN TEXAS LLC             Spires, Alzadia
            1942 Broadway St. STE 314C               17515 Spring Cypress Rd #C620
            Boulder CO 80302                         Cypress TX 77429
                                                     Phone 832-418-9171

## CIVIL Court Settings

Exhibit 4


**Case Number**

1249845

**Court No**

All

**Session Date (From)**

MM/DD/YYYY 📅

**Session Date (To)**

MM/DD/YYYY 📅

[SEARCH] [CLEAR]

9 Record(s) Found.

| Crt | Case | Style | Hearing Type / Hearing Results | Session Date / Cancel Date / Reason | View | Document Name | Pages |
|---|---|---|---|---|---|---|---|
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | TEMPORARY RESTRAINING ORDER | 4/29/2025 2:30PM<br>4/29/2025 12:34:15 PM<br>Per Movant | Parties | | |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | DISMISSAL DOCKET | 6/30/2025 1:00PM<br>5/1/2025 6:12:50 AM<br>Answer filed/Removed from docket | Parties | | |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | NON-JURY TRIAL | 8/4/2025 9:00AM<br>5/7/2025 3:44:12 PM<br>Agreed Judgment | Parties | Order for Trial Setting NonJury - Video - Civ 2<br><br>Order for Trial Setting NonJury - Video - Civ 2 | 1<br><br>1 |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE | 6/3/2025 10:30AM<br>6/2/2025 2:12:12 PM<br>Other | Parties | | |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE NO RULING | 7/8/2025 11:15AM | Parties | | |

| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION FOR CONTINUANCE NO RULING | 7/8/2025 8:30AM | Parties |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE HELD | 8/5/2025 11:00AM | Parties |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE HELD | 8/5/2025 10:45AM | Parties |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | SUBMISSION DOCKET | 8/8/2025 8:30AM 8/5/2025 4:06:36 PM Canceled | Parties |

CAUSE No. **1249845**

| | | |
|---|---|---|
| SIMPSON, ERNESTO | § | **COUNTY CIVIL COURT OF** |
| | § | |
| *Plaintiff* | § | **AT LAW NUMBER (2)** |
| VS. | § | |
| | § | |
| PCF PROPERTIES IN TEXAS LLC | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| *Defendant* | § | |

### EX PARTE MOTION FOR ISSUANCE WRIT OF POSSESSION

**COMES NOW,** Ernesto Simpson (the "Plaintiff"), by and through counsel moves the Court to enforce and execute its May 8, 2025, Judgment /order with a "Writ of Possession" in compliance with Law Enforcement policy and procedures and for cause shows as follows:

### INTRODUCTION

1. Mr. Simpson has resided at 8202 Terra Valley Lane, Tomball TX 77375, since the year of 2007; while the ownership of the property has changed he has a lease with the then owner Jasmine Jarbis. Mr. Simpson was illegally evicted from his residence without an order from any court at law and would like to take the time to thank the Harris County District Attorney Office "Deed Fraud Division" worked together in conjunction with the Harris County District Attorney Office "Public Corruption Division" for conducting an investigation to resolve as follows:

    (i)    Harris County D.A. Office "Fraud Division" confirms on March 3, 2020, Substitute Trustee Anna Sewart ***could not*** have foreclosed on a lien ("Deed of Trust"), for lender FLAGSTONE, and conveyed title to P.C.F.PROEPRTIES IN TX, LLC as their existed no such recorded lien to foreclose upon; E Thomas did not own property since the year 2017 thru 2022 as such held no title for which could have been conveyed;

    (ii)    Confirms that no Harris County District Court Clerk or Deputy Clerk or any other Harris County Clerk's on August 15, 2023 issued any "Writ of Possession" on behalf of any Harris County or District Court against said property at issue;

    (iii)    Obtained confirmation from one of the First Court of Appeals briefing Attorney's that on August 22, 2024, the court granted the Appellant's Thomas and Allen April 29, 2023, Motion for Voluntary Dismissal of Appeal Due to Settlement Agreement with the Appellees PCF Investments Inc, its subsidiary PCF Properties in Texas LLC., entered into on December 17, 2023, pursuant to TEX. R. APP. P. 42.1(a)(1), 43.2(f).

2.   With these agency's collective efforts and written reports its will bring an end to the Texas litigation and help with the New York RICO investigation and case moving forward.

3.   Special thanks to Mr. Aubrey R. Taylor of the Houston Business Connections Newspaper for telling the story of victims of 8202 Terra Valley Lane, Tomball Tx., 77375, illegal eviction to the public.[1] This story has each the ears of members of Congress, State Representatives, U.S. Justice Department former and present judges, law professors, attorney's and the general public has flooded Counsel with email of support along the members in the Miramar Lake subdivision. The Honorable Judge Andrew S. Hanen, U.S.D.J., issued an order on May 5, 2025 after learning in separate case that the May 8, 2025, order granting Simpson right to possession to said property was being ignored by Harris County Constables per Harris County Attorney.[1]



"Federal Judge Andrew S. Hanen is demanding answers from County Attorney Menefee in Federal Court."

---

[1].   https://aubreyrtaylor.blogspot.com/2025/06/the-puppet-master-chose-his-most-loyal.html
https://aubreyrtaylor.blogspot.com/2025/06/george-foreman-iv-has-not-officially.htm

4.    On April 15, 2025, Mr. Simpson had also filed a separate suit styled as *Ernesto Simpson vs. Christen Menefee et al*., cause No.1249237, in Harris County Court at Law (2) after learning that crux of his illegal lockout stems from a prior illegal eviction of the then owner Jasmine Jarbis, and co- owner tenants Omari J. Thomas etc., commenced on August 13, 2023, by Deputy Constable Roman Ruiz at Constable Mark Herman Harris County Precinct 4, through the use of a fabricated "Writ of Possession" that was not issued by any court at law and pleaded state court claims for damages and Application for Temporary Restraining order.

5.    On June 5, 0205, Defendants Christen Menefee of the Harris County Attorney Office, et al, just before Mr. Simpson to set his Application for Temporary Restraining Order to enjoin and prohibit Christen Menefee of the Harris County Attorney Office from advising Constable Mark Herman Harris County Precinct 4, to ignore the May 8, 2025, granting Mr. Simpson access to his home filed a Notice of Removal removing the case to U.S. Southern District Court of Texas; Houston under Case No. claiming lawsuit was a 1983 Civil Rights Action.

6.    On June 12, 2025, Mr. Simpson filed an "Ex Parte Emergency Motion for a Remand Order" seeking the court to remand the case back to the state court where his Application for Temporary Restraining Order was set to be heard. **Exhibit** 1.

7. On June 6, 2025, the Honorable Judge Andrew S. Hanen, U.S.D.J., issued an **ORDER** that:

" Before the Court is Plaintiffs Emergency Motion for Remand to the Harris County Civil Court at Law No. 2. (Doc. No. 3). Plaintiff filed his original suit on April 15, 2025, alleging that the Constable's Office evicted him based on a **fabricated Writ of Possession**. Plaintiff sued the Harris County Constable for Precinct 4, the Constable for Precinct 1, and numerous John Does for violations of the Texas Civil Practice and Remedies Code and the infringement of his due course of law rights under§ 19 of the Texas Constitution. (Doc. No. 1-2). Plaintiff then filed an Amended Petition seeking a Temporary Restraining Order and Permanent Injunction based on the same allegations. (Doc. No. 1-3 at 1). On June 5, 2025, Defendants removed the case under 28 U.S.C.§ 1331. (Doc. No. 1 at 2). The next day, Plaintiff filed the instant Emergency Motion for Remand.(Doc. No. 3). Defendants are hereby **ORDERED** to respond to Plaintiffs Emergency Motion by June 12, 2025. Specifically, Defendants are encouraged to respond to the emergent nature of the motion as well as the merits of Plaintiffs arguments for remand." **Exhibit** 2.

8. When the Honorable Judge Andrew S. Hanen, U.S.D.J., issued his **ORDER**, Counsel email was flooded as members of Congress, State Representatives, U.S. Justice Department former and present judges, law professors, attorney's and the general public have flooded Counsel with email of support along the members in the Miramar Lake subdivision and the media all waited in anticipation of the Defendants' response.

9. Many believed that the Defendants would procedure a valid "Writ of Possession" issued under the authority of a Court at Law on August 15, 2023, while other believed no a Court at Law on August 15, 2023, authorized "Writ of Possession" to issued according to the clerks.

10. On June 12, 2025, the Defendants responded and failed to produce valid "Writ of Possession" issued under the authority of a Court at Law on August 15, 2023; nor did the Defendants respond as ordered by the court to emergent nature of Mr. Simpson's motion as well as the merits of Plaintiffs arguments for remand. **Exhibit** 3. The case was voluntary dismissed as federal lacked jurisdiction and has since been refiled.

11. Mattress Mack has advertised with Mr. Aubrey R. Taylor who has launched his own campaign for a hunt for "***Good Judges in Harris County Tx.***" Judges that focus on being fair and adhering to the law in his rulings. The members in Miramar Lake subdivision Mr. Simpson neighbors and friends have petitioned Mattress Mack, for help with this case as it's a clear example as to why Harris County needs good judges no one should be evicted from their home without authority from any court at law or opportunity to be heard. **Exhibit** 4.

"MATTRESS
MACK IS ON
THE HUNT FOR
GOOD JUDGES
IN HARRIS
COUNTY, TX."

## WRIT OF POSSESSION TO EXECUTE MAY 8, 2025 JUDGMENT

12.     Assistant Chief Deputy Kenneth Key, has express that Constable Mark Herman Harris County Precinct 4, Deputy Constables have no intention on disobeying or ignoring the Court May 8, 2025, order which grants Mr. Ernesto Simpson the right to possession to the property located at 8202 Terra Valley Lane, Tomball Tx 77375, or to interfere with his right.

13.     Assistant Chief Deputy Kenneth Key explained Mr. Simpson cannot execute or enforce the courts May 8, 2025, order himself nor can his attorney despite a agreed to judgment. Instead Mr. Simpson just needs the Court to simply issue a "Writ of Possession" which authorizes the Constable Mark Herman Harris County Precinct 4, Deputy Constables in the Civil Division to execute the May 8, 2025, court order for the safety of everyone as to many individuals as claiming ownership of said property while Mr. Simpson only claims the right to possession as a tenant.

### PRAYER

For all the forging reasons above Plaintiff ERNESTO SIMPSON prays that the court grant his Ex Parte Motion for issuance of a "Writ of Possession" to enforce this Court's May 8, 2025, order as no stay of such order is in place, and for such further relief the court deems proper and just.

Respectfully submitted,

/s/James M. Andersen
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on July 28,2025, a true and correct copy of the above, was served by email or the eservice system both in accordance with Civil Rule 21a and on named counsel of record for the parties named in this case and parties of interest as follows:

Alzadia Spires
Attorney at Law
SBN: 24099975
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
 Cypress, Tx 77429
 Phone: (713) 417-4662
EMail: alzadia@spireslawfirm.com

*Attorney of Record for PCF Properties in Texas LLC party named in this case*

### Interested Parties

Thomas C. Frost,
Chapter 13 Standing Trustee,
399 Knollwood Rd, Suite 102,
White Plains, NY 10603

Elizabeth Thomas Trustee

United States Trustee, Office of the United States
Trustee - NY, Alexander Hamilton Custom House,
One Bowling Green, Room 534,
New York, NY 10004-1459

United States Attorney's Office, Southern District
of New York, Attention: Bankruptcy Fraud Unit,
86 Chambers Street, Third Floor,
New York, NY 10007-1825

New York Attorney General Office
Civil Rights Division
28 Liberty St,
New York, NY 10005

/s/James M. Andersen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

James  Andersen on behalf of James  Andersen
Bar No. 01165850
jandersen.law@gmail.com
Envelope ID: 103672796
Filing Code Description: Motion (No Fee)
Filing Description:  FOR ISSUANCE WRIT OF POSSESSION
Status as of 7/30/2025 10:35 AM CST

Associated Case Party: Ernesto Simpson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ernesto Simpson | | ernestosimpson122@gmail.com | 7/28/2025 4:20:54 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/28/2025 4:20:54 PM | SENT |

Associated Case Party: PCF PROPERTIES IN TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Omar Perez | | pcfpropertiesintexasllc456@gmail.com | 7/28/2025 4:20:54 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/28/2025 4:20:54 PM | SENT |

8/1/2025 1:00 PM
Teneshia Hudspeth
County Clerk
Harris County

**Harris County - County Civil Court at Law No. 2**

CAUSE No. **1249845**

| | | |
|---|---|---|
| SIMPSON, ERNESTO | § | **COUNTY CIVIL COURT OF** |
| | § | |
| *Plaintiff* | § | **AT LAW NUMBER (2)** |
| vs. | § | |
| | § | |
| PCF  PROPERTIES IN TEXAS LLC | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| *Defendant* | § | |

### SUGGESTION OF BANKRUPCTY AND NOTICE OF STAY AS TO THESE PROCEEDINGS,

**PLEASE TAKE NOTICE,** that on June 27, 2025, Debtor Elizabeth Thomas filed an Chapter 13, Petition  (the "Petition Date"), for  relief under Title 11 of the United States Code,  11  U.S.C. §§ 101et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court Southern District of New York commencing Case No.  25-11431 and invoking the automatic stay pursuant to Section 362 of the Bankruptcy Code. **See Exhibit A.**

While Ms. Thomas is not named as a party to this lawsuit, the property located at 8202 Terra Valley Lane, Tomball Tx, 77375, that is presently being subjected to ongoing litigation as of May 19, 2025, is Ms. Thomas property .

The property located at 8202 Terra Valley Lane, Tomball Tx, 77375, belongs to Debtor Elizabeth Thomas based on a June 15, 2025, title report and other reports from the Harris County District Attorney Office Public Corruption Division and Fraud Division and is currently listed as property of Ms. Thomas bankruptcy estate. **See Exhibit B.**

As soon as an single error is corrected in June 15, 2025, Alamo Title Company title report is completed Ms. Thomas will convert to a Chapter 7, and will un-exempt said property and convey title to the Chapter 7 Trustee. **See Exhibit C.**

The Trustee has been apprised of all the illegal evictions and possession issues and a Motion to recover the property is being filed in the bankruptcy court. Section 362 of the Bankruptcy Code applies to this State Court action as there is ongoing litigation that commence prior to Debtor Thomas June 27, 2025, filing of the Petition relating to property of the Debtor Thomas and her bankruptcy estate as such these proceedings are stayed.

Pursuant to Section 362 of the Bankruptcy Code, the filing of Ms. Thomas the Petition on June 27, 2025, operates as a stay of:

a. The commencement or continuation, of a proceeding against the Debtor or the Debtors property that was or could have been commenced before the commencement of the case under this Title, or to recover a claim against the Debtor that arose before the commencement of the case under this Title;

b. The enforcement, against the Debtor or against debtor property of the estate, of a judgment obtained before the commencement of the case under this Title;

c. Any act to obtain possession of property of the estate or property from the estate;

d. Any act to create, perfect, or enforce any lien against property of the estate;

e. Any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this Title, except to the extent provided in section 362(b);

f. Any act to collect assets, or recover a claim against the Debtor that arose before the commencement of the case under this title;

g. The set off of any debt owing to the Debtor that arose before the commencement of the case under this Title against any claim against the Debtor; and

h. The commencement or continuation of a proceeding before the United States Tax Court concerning the Debtor.

i. All of Non-Party P.C.F. PROPERTIES IN TX.LLC, claims regarding Debtor Thomas property located at 8202 Terra Valley Lane, Tomball T, 77375, is subject bankruptcy automatic stay which prohibits continuation, of a legal proceeding against Debtor Thomas property of her bankruptcy estate.

Accordingly, pursuant to the provisions of 11 U.S.C. $362, the automatic stay prohibits any further action against debtor or debtor's property of the bankruptcy estate in this proceeding until such time as the Bankruptcy Court may order otherwise.

In addition, pursuant to Section 108 of the Bankruptcy Code, the filing of the Petition operates to extend the period within which the Debtor may, among other things, file any pleading, commence an action, cure a default, or perform any other similar act fixed by non bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement, if such deadline has not expired prior to the filing of the Petition.

Respectfully submitted

/s/James M. Andersen
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554

Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on  August 1, 2025,  a true and correct copy of the above, was served by email or the eservice system both in accordance with Civil Rule 21a and on named counsel of record for the parties named in this case and parties of interest as follows:

Alzadia Spires
Attorney at Law
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
Cypress, Tx 77429

*Attorney of Record for PCF Properties in Texas LLC  party named in this case*

**Interested Parties**

Thomas C. Frost,
Chapter 13 Standing Trustee,
399 Knollwood Rd, Suite 102,
White Plains, NY 10603

Elizabeth Thomas Trustee

United States Trustee, Office of the United States
Trustee - NY, Alexander Hamilton Custom House,
One Bowling  Green, Room 534,
New York, NY 10004-1459

United States Attorney's Office, Southern District
of New York, Attention: Bankruptcy Fraud Unit,
86 Chambers Street, Third Floor,
New York, NY 10007-1825

New York Attorney General Office
Civil Rights Division/Fraud Division
28 Liberty St,
New York, NY 10005

/s/James M. Andersen

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
## Adversary Proceeding #: 25-03609

*Assigned to:* Bankruptcy Judge Marvin Isgur                  *Date Filed:* 08/03/25
*Lead BK Case:* 99-99999                                     *Date Removed From State:* 08/03/25
*Lead BK Title:* Out of District Main Case
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:*  01 Determination of removed claim or cause


**Plaintiff**
-----------------------
**Ernesto Simpson**                          represented by **James Michael Andersen**
                                                           Attorney at Law
                                                           PO Box 58554
                                                           Webster, TX 77598-8554
                                                           281-488-2800
                                                           Email: jandersen.law@gmail.com
                                                           *LEAD ATTORNEY*


V.


**Defendant**
-----------------------
**PCF Properties in Texas LLC**              represented by **Alzadia Spires**
                                                           17515 Spring Cypress Rd #C620
                                                           Cypress, TX 77429
                                                           Email: alzadia@spireslawfirm.com
                                                           *LEAD ATTORNEY*


**Intervenor**
-----------------------
**P.C.F. Properties In Texas, LLC**          represented by **David W. Barry**
Barry and Sewart PLLC                                      Barry & Sewart, PLLC
4151 SW Frwy #680                                         4151 Southwest Freeway
Houston, TX 77027                                        Suite 680
                                                           Houston, TX 77027
                                                           713.722.0281
                                                           Fax : 713.722.9786
                                                           Email: bankruptcy@barryandsewart.com
                                                           *LEAD ATTORNEY*

                                                           **John V Burger**
                                                           4151 Southwest Frwy
                                                           Suite 680

Houston, TX 77027
713-960-9696
Fax : 713-961-4403
Email: bankruptcy@burgerlawfirm.com
*LEAD ATTORNEY*

**Anna Clement Sewart**
Barry & Sewart, P.L.L.C.
4151 Southwest Freeway
Suite 680
Houston, TX 77027
713.722.0281
Fax : 713.722.9786
Email: bankruptcy@barryandsewart.com
*LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 08/03/2025 | 1 (8 pgs) | Nature of Suit: (01 (Determination of removed claim or cause)) Complaint by Ernesto Simpson against PCF Investments Inc. Receipt Number 0, Fee Amount $350 (hlc4) (Entered: 08/05/2025) |
| 08/04/2025 | 2 (9 pgs) | Amended Notice of Removal (Related document(s):1 Complaint) (hlc4) (Entered: 08/05/2025) |
| 08/04/2025 | 3 (52 pgs) | Motion for Remand. Objections/Request for Hearing Due in 21 days. Filed by PCF Investments Inc. (hlc4) (Entered: 08/05/2025) |
| 08/04/2025 | 4 (12 pgs) | Motion to Strike. Objections/Request for Hearing Due in 21 days (related document(s):3 Motion for Remand). Filed by Ernesto Simpson (hlc4) (Entered: 08/05/2025) |
| 08/05/2025 | 5 (2 pgs) | Application to Defer Fee Filed by Ernesto Simpson Hearing scheduled for 8/26/2025 at 10:00 AM at Houston, Courtroom 404 (MI). (Andersen, James) (Entered: 08/05/2025) |
| 08/05/2025 | 6 (1 pg) | Order for Emergency Hearing - In Person Attendance Required, Signed on 8/5/2025 (Related document(s):1 Complaint, 2 Amended Complaint, 3 Motion for Remand, 4 Motion to Strike, 5 Application to Defer Fee) **Hearing scheduled for 8/7/2025 at 09:30 AM at Houston, Courtroom 404 (MI).** (acj4) (Entered: 08/05/2025) |
| 08/06/2025 | 7 (303 pgs; 37 docs) | Exhibit List (Filed By P.C.F. Properties In Texas, LLC ).(Related document(s):3 Motion for Remand) (Attachments: # 1 Exhibit TRUSTEE DEED # 2 Exhibit SUMMARY JUDGMENT # 3 Complaint SANCTIONS ORDER # 4 Exhibit VEXATIOUS LITIGANT ORDER # 5 Exhibit SIMPSON PETITION # 6 Exhibit AGREED RESTRAINING ORDER # 7 Exhibit RULE 11 AGREEMENT # 8 Exhibit AGREED FINAL JUDGMENT # 9 Exhibit INCIDENT REPORT # 10 Exhibit P.C.F. MOTION TO VACATE FINAL JUDGMENT # 11 Exhibit THOMAS EMAILS TO COURT COORDINATOR # 12 Exhibit INVOLUNTARY BANKRUPTCY PETITION # 13 Exhibit THOMAS RESPONSE TO SHOW CAUSE ORDER # 14 Exhibit FILING FEE INSTALLMENT MOTION # 15 Exhibit INVOLUNTARY DISMISSAL ORDER # 16 Exhibit STAY TERMINATION NOTICE |

| | | |
|---|---|---|
| | | ARGUMENT OF HEARING # 17 Complaint ANDERSEN REMOVAL NOTICE # 18 Exhibit JUDGE ROSENTHAL REMAND ORDER # 19 Exhibit JUDGE HITTNER ORDER # 20 Exhibit JUDGE BENNETT REMAND ORDER # 21 Exhibit JUDGE HANKS REMAND ORDER # 22 Exhibit JUDGE BENNETT SANCTIONS ORDER # 23 Exhibit JUDGE PEREZ REMAND ORDER # 24 Exhibit ANDERSEN BANKRUPTCY DISMISSAL ORDER # 25 Complaint SECOND REMOVAL # 26 Exhibit JUDGE PEREZ CONSENT ORDER # 27 Exhibit ANDERSEN BANKRUPTCY DOCKET SHEET # 28 Exhibit AMENDED REMOVAL # 29 Complaint JUDGE HANKS REMAND ORDER # 30 Exhibit NOTICE OF REMOVAL # 31 Exhibit JUDGE HANKS REMAND ORDER # 32 Complaint JUDGE LAKE REMAND ORDER # 33 Exhibit ORDER DISMISSING THOMAS APPEAL OF CONSENT ORDER # 34 Exhibit COA DISMISSING THOMAS APPEAL # 35 Exhibit JUDGE ISGUR COMPENSATION ORDER # 36 Exhibit THOMAS BANKRUPTCY SCHEDULES) (Burger, John) (Entered: 08/06/2025) |
| 08/06/2025 | 8 (6 pgs) | Amended Complaint (Related document(s):1 Complaint) (Andersen, James) (Entered: 08/06/2025) |
| 08/06/2025 | 9 (6 pgs; 2 docs) | Initial Disclosure Rule 26 (Filed By Ernesto Simpson ). (Attachments: # 1 Exhibit Parties named in State Court Case) (Andersen, James) (Entered: 08/06/2025) |
| 08/06/2025 | 10 (7 pgs; 3 docs) | Motion to Continue Hearing On (related document(s):6 Order Setting Hearing. Filed by Ernesto Simpson Hearing scheduled for 8/7/2025 at 09:15 AM. (Attachments: # 1 Exhibit A # 2 Proposed Order) (Andersen, James) (Entered: 08/06/2025) |
| 08/06/2025 | 11 (1 pg) | Order Denying Motion To Continue/Reschedule Hearing On (Related Doc # 10) Signed on 8/6/2025. (Entered: 08/06/2025) |
| 08/07/2025 | 12 (92 pgs; 7 docs) | Response *AND OBJECTION FOR EVIDENTARY HEARING WITH EXHIBITS*. Filed by Ernesto Simpson (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Affidavit) (Andersen, James) (Entered: 08/07/2025) |
| 08/07/2025 | 13 (3 pgs) | Response to Order *Agreed to Terms of Attorney Andersen Representation*. (Filed By Ernesto Simpson ).(Related document(s):6 Order Setting Hearing) (Andersen, James) (Entered: 08/07/2025) |
| 08/07/2025 | 14 (3 pgs) | Status Report (Filed By Ernesto Simpson ). (Andersen, James) (Entered: 08/07/2025) |
| 08/07/2025 | 15 (6 pgs; 2 docs) | Declaration re: *SUGGESTION OF FILING OF BANKRUPCTY* (Filed By Ernesto Simpson ). (Attachments: # 1 Exhibit) (Andersen, James) (Entered: 08/07/2025) |
| 08/07/2025 | 16 (3 pgs; 2 docs) | Ex Parte Motion to Continue Hearing On (related document(s):6 Order Setting Hearing. Filed by Ernesto Simpson Hearing scheduled for 8/7/2025 at 09:15 AM at Houston, Courtroom 404 (MI). (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 08/07/2025) |
| 08/07/2025 | 17 (1 pg) | Order Denying Motion To Continue/Reschedule Hearing, (Related Doc # 16) Signed on 8/7/2025. (acj4) (Entered: 08/07/2025) |

| | 18 | Courtroom Minutes. Time Hearing Held: 9:29 AM-10:33 AM. Cases 6:25-bk-60062 and 4:25-ap-3609 were called concurrently. Appearances: John V Burger P.C.F. Properties In Texas, LLC. Vinay Garza for the US Trustee. Chris Murray as Chapter 7 Trustee. Antony Halaris was present and sworn in. Exhibits admitted: ECF no. 7 1-36. Ernesto Simpson & James Michael Andersen. As stated on the record, Motion 2 was denied for reasons stated on the record. Ernesto Simpson & James Michael Andersen were not in attendance at todays hearing and are held in civil contempt for not appearing; the Court will issue an order directing the US Marshal to bring them to the Court at the earliest possible date. Their actions in the case were deemed in civil contempt of the state court action; the Plaintiff and counsel may cure themselves by executing a motion to voluntarily dismiss this adversary proceeding with prejudice. This will not cure them of any sanctions whether civil or criminal that may go along with the comtempts that have occurred to date; until they execute a dismissal with prejudice, they will be held in confinement with the ability to sign it. The form they must execute was shown in open Court and may not be changed in any way. As stated on the record, the Court vacates all judgements, injunctions, orders or other decrees entered in the state court case; both Mr. Simpson and Mr. Andersen must sign the form in tore their contempt. In 25-03609 The Motion at ECF no. 7 7 was set for hearing on August 11, 2025 at 8:30 AM. With respect to the involuntary petition 25-60062 filed by Ms. Spires, the Court finds that the case was filed fraudulently; the Court ordered the US Trustee to appoint a trustee in the involuntary case. The Court will hold a status conference on August 11, 2025 at 8:30 AM; Ms. Spires must attend and show cause as to why she should not be held in civil contempt. The Court will take under advisement the argument of criminal referral regarding Elizabeth Thomas. The Court requested that counsel for P.C.F. Properties In Texas, LLC to file a list of the different state court orders that need to be vacated. (Related document(s):1 Complaint, 2 Amended Complaint, 3 Motion for Remand, 4 Motion to Strike, 5 Application to Defer Fee, 6 Order Setting Hearing) **Hearing scheduled for 8/11/2025 at 08:30 AM at Houston, Courtroom 404 (MI).** (acj4) (Entered: 08/07/2025) |
| 08/07/2025 | | |
| 08/07/2025 | 19 (3 pgs) | Certificate *of Service of Hearing Set for August 11, 2025, at 8:30 a.m.* (Filed By P.C.F. Properties In Texas, LLC ).(Related document(s):3 Motion for Remand) (Burger, John) (Entered: 08/07/2025) |
| 08/07/2025 | 20 (1 pg) | PDF with attached Audio File. Court Date & Time [ 8/7/2025 9:29:50 AM ]. File Size [ 30114 KB ]. Run Time [ 01:02:44 ]. (admin). (Entered: 08/07/2025) |
| 08/07/2025 | 21 (1 pg) | Order Vacating Certain Orders Issued Prior to Removal, Signed on 8/7/2025 (Related document(s): 18 Courtroom Minutes) (acj4) (Entered: 08/07/2025) |
| 08/07/2025 | 22 (5 pgs) | Order Holding Two Individuals in Civil Contempt and Directing That They Be Brought Before the Court, Signed on 8/7/2025 (Related document(s): 18 Courtroom Minutes) (acj4) (Entered: 08/07/2025) |
| 08/07/2025 | 23 (3 pgs) | BNC Certificate of Mailing. (Related document(s):6 Order Setting Hearing) No. of Notices: 2. Notice Date 08/07/2025. (Admin.) (Entered: 08/07/2025) |

| | | |
|---|---|---|
| 08/08/2025 | [24](#)<br>(35 pgs; 4 docs) | Exhibit List (Filed By P.C.F. Properties In Texas, LLC ).(Related document(s):[3](#) Motion for Remand) (Attachments: # [1](#) Exhibit Simpson Legal Fees # [2](#) Exhibit Summary of Legal Fees Paid # [3](#) Exhibit COPIES OF ALL INVOICES) (Burger, John) (Entered: 08/08/2025) |
| 08/09/2025 | [25](#)<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):[21](#) Generic Order) No. of Notices: 2. Notice Date 08/09/2025. (Admin.) (Entered: 08/09/2025) |
| 08/09/2025 | [26](#)<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):[22](#) Generic Order) No. of Notices: 2. Notice Date 08/09/2025. (Admin.) (Entered: 08/09/2025) |
| 08/09/2025 | [27](#)<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):[17](#) Order on Motion to Continue/Reschedule Hearing) No. of Notices: 2. Notice Date 08/09/2025. (Admin.) (Entered: 08/09/2025) |
| 08/10/2025 | [28](#)<br>(10 pgs; 2 docs) | Notice of Appeal filed. (related document(s):[17](#) Order on Motion to Continue/Reschedule Hearing, [21](#) Generic Order, [22](#) Generic Order). Fee Amount $298. Appellant Designation due by 08/25/2025. (Attachments: # [1](#) Index) (Andersen, James) (Entered: 08/10/2025) |
| 08/10/2025 | [29](#)<br>(6 pgs) | Statement *SUGGESTION OF BANKRUPCTY* (Filed By Ernesto Simpson ). (Andersen, James) (Entered: 08/10/2025) |
| 08/10/2025 | | Receipt of Notice of Appeal( [25-03609](#)) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A26385243. Fee amount $ 298.00. (U.S. Treasury) (Entered: 08/10/2025) |
| 08/10/2025 | [30](#)<br>(19 pgs; 4 docs) | Ex Parte Motion to Recuse Judge Filed by Ernesto Simpson Hearing scheduled for 8/11/2025 at 08:15 AM at Houston, Courtroom 404 (MI). (Attachments: # [1](#) Affidavit # [2](#) Exhibit # [3](#) Proposed Order) (Andersen, James) (Entered: 08/10/2025) |
| 08/10/2025 | [31](#)<br>(2 pgs) | Status Report (Filed By Ernesto Simpson ). (Andersen, James) (Entered: 08/10/2025) |
| 08/10/2025 | [32](#)<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):[11](#) Order on Motion to Continue/Reschedule Hearing) No. of Notices: 2. Notice Date 08/10/2025. (Admin.) (Entered: 08/10/2025) |
| 08/11/2025 | | Hearing Reset (Related document(s):[30](#) Motion to Recuse Judge) **Hearing scheduled for 8/11/2025 at 08:30 AM at Houston, Courtroom 404 (MI).** (sta4) (Entered: 08/11/2025) |

| | | |
|---|---|---|
| 08/11/2025 | 33 | Courtroom Minutes. Time Hearing Held: 8:30 AM-9:07 AM. Appearances: John V Burger P.C.F. Properties In Texas, LLC. Vinay Garza for the US Trustee. Chris Murray as Chapter 7 Trustee. US Marshal services were present. Motion 30 was denied for reasons stated on the record; the Court directed the US Marshal to bring the Plaintiff and his counsel before the Court. As stated on the record, the Court will hold a hearing when the first of the people that were ordered to be here, namely Mr. Simpson, Mr. Andersen or Ms. Spires, Motion 7 will be taken up at that hearing which may be on short notice. (Related document(s):7 Exhibit List, 30 Motion to Recuse Judge) (acj4) (Entered: 08/11/2025) |
| 08/11/2025 | 34 (4 pgs) | Order on Motion to Recuse, Signed on 8/11/2025 (Related document(s):30 Motion to Recuse Judge) (acj4) (Entered: 08/11/2025) |
| 08/11/2025 | 35 (1 pg) | Order Denying Recusal (Related Doc # 30). Signed on 8/11/2025. (acj4) (Entered: 08/11/2025) |
| 08/11/2025 | | Hearing Set On (Related document(s):1 Complaint) **Hearing scheduled for 8/11/2025 at 04:30 PM at Houston, Courtroom 404 (MI).** (acj4) (Entered: 08/11/2025) |
| 08/11/2025 | 36 (1 pg) | Email Document by the Clerk of the Court Regarding Receipt of the Email Noticing Hearing (acj4) (Entered: 08/11/2025) |
| 08/11/2025 | 37 (1 pg) | Clerk's Notice of Filing of an Appeal. On 08/10/2025, Ernesto Simpson filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 25cv3751. Parties notified (Related document(s):28 Notice of Appeal). (hl4) (Entered: 08/11/2025) |
| 08/11/2025 | 38 | Courtroom Minutes. Time Hearing Held: 4:29 PM-4:36 PM, 6:31 PM-7:07 PM. Appearances: John V Burger P.C.F. Properties In Texas, LLC. Vinay Garza for the US Trustee. Chris Murray as Chapter 7 Trustee. James Andersen was present and sworn in. As stated on the record, the Court found that found Mr. Andersen has satisfied the first portion of his civil contempt by appearing under compulsion; the Court also found the Mr. Andersen has done nothing to comply with the Courts order in past appearing under compulsion via the US Marshal. The Court will issue an order that Mr. Andersen will be brought to the Courthouse tomorrow on August 12, 2025, and be given access to his car to retrieve his case file. When Mr. Andersen is ready to comply with the Courts order, he may complete the Courts form of order with Mr. Simpson and have the US Marshals file it onto the docket via the methods stated on the record. Once Mr. Andersen complies, he will be released. The Court will reconvene for the Sanctions hearing at a later date. The Court barred Mr. Andersen from contacting any party associated with this case, namely Ms. Thomas and Ms. Spires. (Related document(s):1 Complaint) (acj4) (Entered: 08/11/2025) |
| 08/11/2025 | 39 (2 pgs) | Order Following Civil Contempt Hearing, Signed on 8/11/2025 (Related document(s): 38 Courtroom Minutes) (acj4) (Entered: 08/11/2025) |
| 08/12/2025 | 40 (1 pg) | Motion to Dismiss Adversary Proceeding. Objections/Request for Hearing Due in 21 days. Filed by Ernesto Simpson (abb4) (Entered: 08/12/2025) |

| | | |
|---|---|---|
| 08/12/2025 | [41](#) (2 pgs) | Order Following Review of ECF no. 40, Signed on 8/12/2025 (Related document(s):40 Motion to Dismiss Adversary Proceeding) (acj4) (Entered: 08/12/2025) |
| 08/13/2025 | [42](#) (2 pgs) | Email received by the Clerk. Attached is an email purported to be from Mr. Ernesto Simpson. The attachment does not constitute a part of the record of this case. (acj4) (Entered: 08/13/2025) |
| 08/13/2025 | [43](#) (6 pgs) | BNC Certificate of Mailing. (Related document(s):34 Generic Order) No. of Notices: 2. Notice Date 08/13/2025. (Admin.) (Entered: 08/13/2025) |
| 08/13/2025 | [44](#) (3 pgs) | BNC Certificate of Mailing. (Related document(s):35 Order on Motion to Recuse Judge) No. of Notices: 2. Notice Date 08/13/2025. (Admin.) (Entered: 08/13/2025) |
| 08/14/2025 | [45](#) (4 pgs) | BNC Certificate of Mailing. (Related document(s):39 Generic Order) No. of Notices: 2. Notice Date 08/14/2025. (Admin.) (Entered: 08/14/2025) |
| 08/14/2025 | [46](#) (4 pgs) | BNC Certificate of Mailing. (Related document(s):41 Generic Order) No. of Notices: 2. Notice Date 08/14/2025. (Admin.) (Entered: 08/14/2025) |
| 08/14/2025 | [47](#) (3 pgs) | BNC Certificate of Mailing. (Related document(s):37 Clerk's Notice of Filing of an Appeal) No. of Notices: 2. Notice Date 08/14/2025. (Admin.) (Entered: 08/14/2025) |
| 08/14/2025 | [48](#) (4 pgs) | Declaration re: *Case Status* (Filed By Ernesto Simpson ). (anc4) (Entered: 08/15/2025) |

### PACER Service Center

#### Transaction Receipt

| | | | |
|---|---|---|---|
| 08/15/2025 17:58:39 | | | |
| **PACER Login:** | SarahSmile456 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25-03609 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**CLOSED**

### U.S. Bankruptcy Court
### Southern District of Texas (Houston)
### Bankruptcy Petition #: 99-99999

*Date filed:* 07/19/2011

*Assigned to:* Visiting Judge
Chapter 7
Voluntary
Asset

*Debtor disposition:* Filed in error

| | |
|---|---|
| **Debtor** | represented by **Justin Peter Louis Rayome** |
| **Out of District Main Case** | 1001 West Loop South |
| Case Created for Statistical Purposes | Suite 700 |
| 1234 ZZZZ Street | Houston, TX 77027 |
| Houston, TX 77001 | 214-934-9345 |
| HARRIS-TX | Email: justin.rayome.law@gmail.com |

**U.S. Trustee**
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

| Filing Date | # | Docket Text |
|---|---|---|
| 07/19/2011 | 1 (1 pg) | Chapter 13 Voluntary Petition. Receipt Number cc, Fee Amount $274 . Filed by The Bankruptcy Link . (dcho) (Entered: 07/19/2011) |
| 07/25/2011 | | Bankruptcy Case Closed (rwes) (Entered: 07/25/2011) |
| 11/14/2011 | | Adversary Case 4:11-ap-3400 Closed. (kgil) (Entered: 11/16/2011) |
| 07/26/2012 | 2 (6 pgs) | Adversary case 12-03319. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal filed by Minerals Continental Inc . Receipt Number o, Fee Amount $293 (than) (Entered: 07/26/2012) |
| 08/16/2012 | 3 (91 pgs; 4 docs) | Adversary case 12-03384. Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) Notice of Removal Dalassa, Inc , First Continental Petroleum Exploration, LLC , Central & Gulf Exploration Joint Venture Corp . Receipt Number O, Fee Amount $293 (Attachments: # 1 Cover Sheet# 2 Index # 3 Index / continuation) (blac) (Entered: 08/16/2012) |
| 08/16/2012 | | Adversary Case 1:12-ap-1004 Closed. (ltie) (Entered: 08/16/2012) |

| | | |
|---|---|---|
| 08/31/2012 | | Adversary Case 4:12-ap-3282 Closed. (ledw) (Entered: 08/31/2012) |
| 09/13/2012 | | Adversary Case 4:12-ap-3319 Closed. (wbos) (Entered: 09/19/2012) |
| 09/13/2012 | | Adversary Case 4:12-ap-3384 Closed. (wbos) (Entered: 09/19/2012) |
| 09/17/2012 | | Adversary Case 4:12-ap-3370 Closed. (mrod) (Entered: 09/17/2012) |
| 12/05/2012 | | Adversary Case 4:12-ap-3477 Closed. (amwi) (Entered: 12/05/2012) |
| 05/27/2014 | | Adversary Case 4:03-ap-3496 Closed. (rwes) (Entered: 05/27/2014) |
| 06/03/2014 | | Adversary Case 4:13-ap-3178 Closed. (adol) (Entered: 06/03/2014) |
| 10/06/2014 | | Adversary Case 4:13-ap-3068 Closed. (dsta) (Entered: 10/06/2014) |
| 02/09/2015 | <u>4</u><br>(2 pgs) | Chapter 13 Trustee's Motion to Dismiss Case . (Heitkamp, William) (Entered: 02/09/2015) |
| 02/11/2015 | <u>5</u><br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):<u>4</u> Chapter 13 Trustee's Motion to Dismiss Case) No. of Notices: 1. Notice Date 02/11/2015. (Admin.) (Entered: 02/12/2015) |
| 03/14/2016 | <u>6</u><br>(48 pgs; 4 docs) | Adversary case 16-03059. Nature of Suit: (01 (Determination of removed claim or cause)) Complaint *Notice of Removal of Civil Action Under 28 USC Section 1452(a)* by Robert Whitehurst against Life Partners, Inc., Life Partners Holdings, Inc., Brian Pardo, Scott Peden, Pardo Family Holdings, Ltd.. Fee Amount $350 (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Bennett, David) (Entered: 03/14/2016) |
| 05/13/2016 | | Adversary Case 4:16-ap-3059 Closed. (than) (Entered: 05/13/2016) |
| 07/05/2016 | | Adversary Case 4:16-ap-3123 Closed. (RobbieWestmoreland) (Entered: 10/17/2023) |
| 11/15/2016 | <u>7</u><br>(1 pg) | Amended Chapter 13 Trustee's Motion to Dismiss Case . (Heitkamp, William) (Entered: 11/15/2016) |
| 11/30/2016 | 8 | Chapter 13 Trustee's Amended Recommendation Concerning Confirmation. The Trustee now recommends confirmation of the plan filed on 9/9/2016, document number 23 (Heitkamp, William) (Entered: 11/30/2016) |
| 12/08/2016 | | Adversary Case 2:16-ap-2020 Closed. (aalo) (Entered: 12/08/2016) |
| 02/07/2017 | | Adversary Case 4:16-ap-3258 Closed. (ltie) (Entered: 02/07/2017) |
| 03/02/2017 | | Adversary Case 4:16-ap-3258 Closed. (ltie) (Entered: 03/02/2017) |
| 03/07/2017 | <u>9</u><br>(1 pg) | Amended Chapter 13 Trustee's Proposed Wage Order (Heitkamp, William) (Entered: 03/07/2017) |

| | | |
|---|---|---|
| 05/12/2017 | | Adversary Case 4:16-ap-3247 Closed. (kpico) (Entered: 05/12/2017) |
| 06/07/2017 | | Adversary Case 4:16-ap-3240 Closed. (adol) (Entered: 06/07/2017) |
| 10/03/2017 | | Adversary Case 3:17-ap-8005 Closed. (ShoshanaArnow) (Entered: 10/03/2017) |
| 01/10/2018 | | Adversary Case 7:17-ap-7008 Closed. Case transferred out of district. (jchavez) (Entered: 01/10/2018) |
| 03/27/2018 | | Adversary Case 7:17-ap-7008 Closed. (jchavez) (Entered: 03/27/2018) |
| 01/08/2020 | | Adversary Case 4:19-ap-3678 Closed. (TylerLaws) (Entered: 01/08/2020) |
| 07/31/2020 | | Adversary Case 7:20-ap-7004 Closed. Case Transferred out of District. (jchavez) (Entered: 07/31/2020) |
| 08/21/2020 | | Adversary Case 4:19-ap-3666 Closed. (rsal) (Entered: 08/21/2020) |
| 03/12/2021 | | Adversary Case 4:20-ap-3119 Closed. Case transferred out of district. (rcas) (Entered: 03/12/2021) |
| 06/18/2021 | 10 (719 pgs; 4 docs) | Adversary case 21-03454. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal City of Bryan, Texas . Receipt Number 26617990, Fee Amount $350 (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) This case was originally opened electronically as Civil Action No. 4:21-cv-02007. (ltie) (Entered: 06/21/2021) |
| 10/06/2021 | | Adversary Case 4:21-ap-3860 Closed. Case transferred to Western District of Texas. (ltie) (Entered: 10/06/2021) |
| 02/15/2022 | | Adversary Case 4:22-ap-3021 Closed. (RobbieWestmoreland) (Entered: 02/15/2022) |
| 10/27/2022 | 11 (87 pgs; 6 docs) | Adversary case 22-03312. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal Stephen Sather, Fox River Real Estate Holdings, Inc.., M Buckner Baccus, Daniel T Cooper, Ross M Cummings, Warren DeMaio, Bruce F Dickson, Keith K Dickson, Eugene A. Frost, Mark A Frost, August J. Pellizzi, Austin JSB, Ltd., R Hal Moorman, Milton Y. Tate, Lynette Dahmann. Fee Amount $350 (Attachments: # 1 Exhibit Amended Petition # 2 Exhibit Amended Petition in Intervention # 3 Exhibit Answer # 4 Exhibit Suggestion of Bankruptcy # 5 Exhibit Plea in Intervention) (Sather, Stephen) (Entered: 10/27/2022) |
| 01/05/2023 | | Adversary Case 4:22-ap-3312 Closed. (than) (Entered: 01/05/2023) |
| 06/06/2023 | 12 (19 pgs) | Adversary case 23-03100. Nature of Suit: (01 (Determination of removed claim or cause)) Complaint by Bobby C. Taylor against Sigolwide Buseje Aremo. Fee waived due to lack of funds in the estate. (Myers, Marc) (Entered: 06/06/2023) |
| 10/17/2023 | | Adversary Case 4:23-ap-3121 Closed. (RobbieWestmoreland) (Entered: 10/17/2023) |

| | | |
|---|---|---|
| 10/17/2023 | | Adversary Case 4:21-ap-3454 Closed. (RobbieWestmoreland) (Entered: 10/17/2023) |
| 10/17/2023 | | Adversary Case 4:21-ap-3060 Closed. (RobbieWestmoreland) (Entered: 10/17/2023) |
| 01/25/2024 | | Adversary Case 4:23-ap-3107 Reopened. (NormaChavez) (Entered: 01/26/2024) |
| 01/30/2024 | | Adversary Case 4:23-ap-3117 Closed. (RosarioSaldana) (Entered: 01/30/2024) |
| 03/05/2024 | | Adversary Case 4:23-ap-3107 Closed. (NormaChavez) (Entered: 03/05/2024) |
| 04/11/2024 | [13](#) (5 pgs) | Adversary case 24-03066. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal Elizabeth Thomas , Miramar Lake Homeowers Association Inc . Receipt Number 0, Fee Amount $350 (ltg4) (Entered: 04/15/2024) |
| 05/17/2024 | | Order Closing Adversary Proceeding (SierraThomasAnderson) (Entered: 05/17/2024) |
| 06/13/2024 | | Adversary Case 4:24-ap-3066 Closed. (SierraThomasAnderson) (Entered: 06/13/2024) |
| 08/09/2024 | | Adversary Case 4:24-ap-3136 Closed. Case transferred out of district. (th4) (Entered: 08/09/2024) |
| 09/16/2024 | [14](#) (53 pgs; 2 docs) | Transcript RE: motion hearing held on 6/10/24 before Judge MARVIN ISGUR. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 12/16/2024. (VeritextLegalSolutions) (Entered: 09/16/2024) |
| 09/19/2024 | [15](#) (25 pgs) | BNC Certificate of Mailing. (Related document(s):[14](#) Transcript) No. of Notices: 1. Notice Date 09/19/2024. (Admin.) (Entered: 09/19/2024) |
| 11/25/2024 | | Adversary Case 4:24-ap-3213 Closed; case remanded to the 151st Judicial District Court of Harris County, Texas. (abm4) (Entered: 11/25/2024) |
| 05/14/2025 | | Adversary Case 7:22-ap-7010 Closed. Notice of Voluntary Dismissal - 12/1/2022. (njc7) (Entered: 05/14/2025) |
| 06/23/2025 | | Adversary Case 4:25-ap-3311 Closed. (trc4) (Entered: 06/23/2025) |
| 06/27/2025 | | Adversary Case 4:25-ap-3104 Closed. (ltg4) (Entered: 06/27/2025) |
| 08/13/2025 | [16](#) (4 pgs) | Notice *of Removal*. Filed by Out of District Main Case (Rayome, Justin) (Entered: 08/13/2025) |

| 08/20/2025 | [17](#) (4 pgs) | Adversary case 25-03628. Nature of Suit: (01 (Determination of removed claim or cause)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))), (11 (Recovery of money/property - 542 turnover of property)) Notice of Removal MOKARAM-LATIF WEST LOOP, LTD.. Fee Amount $350 (Rayome, Justin) (Entered: 08/20/2025) |
| 08/20/2025 | [18](#) (4 pgs) | Adversary case 25-03630. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal Mokaram-Latif West Loop, Ltd., Ali Mokaram. Fee Amount $350 (Rayome, Justin) (Entered: 08/20/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/27/2025 14:12:47 | | |
| **PACER Login:** | SarahSmile456 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 99-99999 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 07, 2025

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **OUT OF DISTRICT DEBTOR** |
| ELIZABETH THOMAS, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| ERNESTO SIMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3609** |
| | § | |
| P.C.F. PROPERTIES IN TX, LLC[1], | § | |
| | § | |
| Defendant. | § | |

## ORDER HOLDING TWO INDIVIDUALS IN CIVIL CONTEMPT
## AND DIRECTING THAT THEY BE BROUGHT BEFORE THE COURT

James Anderson and Ernesto Simpon are each held in civil contempt of Court for two related, but independent, reasons. The Court's reasons were stated on the record on August 7, 2025. The following is a supplementation of the reasons for the civil contempt findings.

### Civil Contempt No. 1
### (Fraud on Court)

On this date, the Court heard extensive evidence with respect to a fraud currently being perpetrated on this Court. The Court finds:

1. The legal owner of the property located at 8202 Terra Valley Lane, Tomball, Texas 77375 is P.C.F. Properties in TX, LLC (the "True Owner"). *See* ECF 7-4.[2]

2. Attorney James Anderson, acting in concert with Elizabeth Thomas and Attorney Alzadia Spires, coordinated the creation of a Colorado LLC named "PCF Properties in Texas LLC" (the "Fraudulent Owner"). Antony Halaris, *Testimony*, Aug. 7, 2025.

3. The purpose of the creation of the Fraudulent Owner was to defraud various courts into issuing orders that would interfere with the True Owner's rights as an owner. Although

---

[1] The Plaintiff alleges that the proper defendant is a Colorado entity bearing a similar name. The true defendant is the defendant listed in the style of the case. The Court orders that all filings in this case now reflect the name of the true defendant-in-fact, "P.C.F. Properties in TX, LLC."

[2] All of the exhibits filed at ECF No. 7 have been admitted into evidence.

1 / 5

there have been several attempts to interfere with the True Owner's rights (including an illegal break-in at the property), the culmination before this Court was a lawsuit originally filed in state court by James Anderson on behalf of Ernesto Simpon. *See* ECF 7-5. In that lawsuit, Mr. Simpson alleges that he is a tenant at the property who is being wrongfully evicted by the Fraudulent Owner. *Id.*

4. The Fraudulent Owner was represented by attorney Alzadia Spires. Attorney Spires (acting for the Fraudulent Owner) and Attorney Anderson (acting for Simpson) then were able to enter into an "Agreed Temporary Injunction" barring the eviction of Mr. Simpson and giving him full access to the Terra Valley Lane Property. *See* ECF 7-6. The state court signed that order in *Simpson v. PCF Properties in Texas LLC*, No. 1249845 (Harris Co. Ct. at Law No. 2, Tex. Aug. 4, 2025) [hereinafter County Court Case]. *Id.*

5. Their next conduct was to enter into a state law Rule 11 Agreement that provides for certain payments and an Agreed Permanent Injunction. *See* ECF 7-7. The Agreed Final Judgment and Permanent Injunction was signed by Attorney Anderson and Attorney Spires, and entered by the state court. *See* ECF 7-8.

6. A few days later, the Agreed Final Judgment and Permanent Injunction was presented to The Harris County Constable's Office to justify the unlawful entry by Elizabeth Thomas, her son Robert Thomas, and her attorney James Anderson into the property. *See* ECF 7-9 for police report.

7. The True Owner first became aware of the Fraudulent Owner's fraud as a consequence of the break-in. The True Owner sought and obtained a hearing to vacate the various fraudulently obtained documents and to impose sanctions against those perpetrating the fraud. *See* ECF 7-10.

8. On the eve of the hearing to vacate the fraudulently obtained orders and to impose sanctions, the County Court Case was removed to this Court. The removal was by Ernesto Simpson, signed by his attorney James Anderson. *See* ECF Nos. 1-2.

9. Upon removal to this Court, Ernesto Simpson and Attorney James Anderson perpetuated the fraud by making false allegations to this Court. *See* ECF No. 4 (alleging that Simpson holds a valid lease to the property, and was awarded a judgment for quiet title and possession of the property and that the dispute was settled in state court.); ECF No. 8 (alleging that "*Plaintiff Ernesto Simpson as a tenant holds a valid lease agreement for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property") and on April 25, 2025, sued Defendant PCF Properties in Texas LLC, whom on April 19, 2023, was awarded judgment for quiet title and possession of same said property for an illegal eviction. On May 8, 2025, the Plaintiff and Defendant reached a settlement agreement (the "Judgment") in the case styled as Ernesto Simpson vs. PCF Properties in Texas LLC, County Court at Law (2) Harris County, Texas case No. 1249845 that was approved by the Court and the case was dismissed*

*with prejudice*", while never disclosing the use of the fake name by the Fraudulent Owner).

10. After notice and hearing, the Court finds that the foregoing conduct was done in contempt of this Court.

11. The Court reserves the question of whether sanctions or other awards should be made against any person or entity for this fraudulent conduct. To ameliorate any future damages from the "fraud on the Court" civil contempt, Ernesto Simpson and James Anderson must sign and date the document attached as Exhibit "A" and file the signed and dated document with the Court. The "fraud on the Court" civil contempt will not be cured until both signatures have been filed with the Court. If Exhibit "A" is modified in any way before or after it is filed, it will not cure the ongoing "fraud on the Court" civil contempt.

## Civil Contempt No. 2
## (Failure to Appear)

12. On August 5, 2025, this Court ordered that Ernesto Simpson and James Anderson appear before the Court. ECF No. 6.

13. Mr. Simpson acknowledged receipt of the Order. *See* ECF Nos. 10,15.

14. Mr. Anderson acknowledged receipt of the Order. *See* ECF Nos. 12,16.

15. Although motions to continue the hearing were filed by both Mr. Simpson and Mr. Anderson, the motions were denied. *See* ECF Nos. 11,17.

16. Neither Mr. Anderson nor Mr. Simpson appeared as ordered.

17. Mr. Anderson and Mr. Simpson are in civil contempt of Court for failing to appear.

18. The "failure to appear" civil contempt may be remedied by Ernesto Simpson by appearing in Court at a hearing scheduled through the Court's Case Manager. He must contact the Court's Case manager, by email, to arrange a date and time for his appearance. The Case Manager will schedule a hearing to occur within 3 business days of the date that the Case Manager is contacted by email. Notice of the hearing date and time will be sent to Mr. Simpson by return email. Mr. Simpson must then attend the scheduled hearing in person. Personal attendance is required. Video and audio appearances will not be permitted.

19. The "failure to appear" civil contempt may be remedied by James Anderson by appearing in Court at a hearing scheduled through the Court's Case Manager. He must contact the Court's Case manager, by email, to arrange a date and time for his appearance. The Case Manager will schedule a hearing to occur within 3 business days of the date that the Case Manager is contacted by email. Notice of the hearing date and

time will be sent to Mr. Simpson by return email. Mr. Simpson must then attend the scheduled hearing in person. Personal attendance is required. Video and audio appearances will not be permitted.

### Order to United States Marshal

20. The United States Marshal is ordered to bring Ernesto Simpson before the Court with all deliberate speed. He will be released when he has satisfied the conditions of both the "failure to appear" civil contempt and the "fraud on the Court" civil contempt as set forth in paragraphs 11 and 18.

21. The United States Marshal is ordered to bring James Anderson before the Court with all deliberate speed. He will be released when he has satisfied the conditions of both the "failure to appear" civil contempt and the "fraud on the Court" civil contempt as set forth in paragraphs 11 and 19.

SIGNED 08/07/2025

Marvin Isgur
United States Bankruptcy Judge

EXHIBIT "A"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **OUT OF DISTRICT DEBTOR** |
| **ELIZABETH THOMAS,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **ERNESTO SIMPSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3609** |
| | § | |
| **P.C.F. PROPERTIES IN TX, LLC³,** | § | |
| | § | |
| Defendant. | § | |

**MOTION FOR DISMISSAL WITH PREJUDICE AGAINST REFILING**

My name is Ernesto Simpson. On August 3, 2025, attorney James Anderson filed the Notice of Removal of this case from the Harris County Courts to this Court. Mr. Anderson was acting on my behalf when he filed that Notice of Removal and the Amended Notice of Removal.

I understand that the entire state Court lawsuit is now pending before this Court.

I have been informed that the Court has vacated the judgments, orders and decrees previously entered by the state court that were admitted as Exhibits 7-6 and 7-8 at a hearing on August 7, 2025. He has also stricken the Rule 11 Agreement that was admitted as Exhibit 7-7.

I now move to dismiss this case, with prejudice against refiling. I understand that the Court has advised that the dismissal of this case may leave me subject to sanctions, civil and criminal penalties.

_____     _____
Ernesto Simpson                      Date signed

_____     _____
James Anderson                       Date signed

---

³ The Plaintiff alleges that the proper defendant is a Colorado entity bearing a similar name. The true defendant is the defendant listed in the style of the case. The Court orders that all filings in this case now reflect the name of the true defendant-in-fact, "P.C.F. Properties in TX, LLC."

5 / 5

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 07, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | |
| | § | **OUT OF DISTRICT DEBTOR** |
| **ELIZABETH THOMAS,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **ERNESTO SIMPSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3609** |
| | § | |
| **P.C.F. PROPERTIES IN TX, LLC[1],** | § | |
| | § | |
| Defendant. | § | |

**ORDER VACATING CERTAIN ORDERS ISSUED PRIOR TO REMOVAL**

For the reasons set forth on the record on this date, the Court orders:

1.  The Agreed Temporary Injunction (filed at ECF No. 7-6), issued by Harris County Civil Court at Law Number 2 in Case No. 1249845, signed on May 2, 2025 at 9:08 a.m., and originally filed at 10:07:26 a.m. on May 2, 2025, is vacated nunc pro tunc to its date of issuance. It has no force or effect.

2.  The Agreed Final Judgment and Permanent Injunction (filed at ECF No. 7-8), issued by Harris County Civil Court at Law Number 2 in Case No. 1249845, signed on May 8, 2025 at 9:08 a.m., and originally filed at 4:41:22 p.m. on May 8, 2025, is vacated nunc pro tunc to its date of issuance. It has no force or effect.

3.  The Rule 11 Settlement Agreement and Release (filed at ECF No. 7-7), signed by Ernesto Simpson and by PCF Properties in Texas LLC (by Omar Perez) on May 6, 2025, and filed in Harris County Civil Court at Law Number 2 in Case No. 1249845 is stricken. It has no force or effect.

SIGNED 08/07/2025

_____
Marvin Isgur
United States Bankruptcy Judge

---

[1] The Plaintiff alleges that the proper defendant is a Colorado entity bearing a similar name. The true defendant is the defendant listed in the style of the case. The Court orders that all filings in this case now reflect the name of the true defendant-in-fact, "P.C.F. Properties in TX, LLC."